IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| RITA BOWEN BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:12-CV-2814-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

### I.   Introduction

The plaintiff, Rita B. Burgess, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"), a period of disability, and Disability Insurance Benefits ("DIB"). Ms. Burgess timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Burgess was fifty-nine years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a tenth grade education. (Tr. at 170.) Her

past work experiences include employment as a kitchen worker at a nursing home. (Tr. at 171.) Ms. Burgess claims that she became disabled on December 28, 2009, due to a corneal ulcer, arthritis of the arms, neck, and fingers, neck pain, and headaches. (Tr. at 169–70.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20

C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Burgess meets the nondisability requirements for SSI, a period of disability, and DIB and was insured through the date of his decision. (Tr. at 12.) He further determined that Ms. Burgess has not engaged in substantial gainful activity since the alleged onset of her

disability. (*Id.*) According to the ALJ, Plaintiff's osteoarthritis is considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that this impairment neither meets nor medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 13.) The ALJ did not find Ms. Burgess's allegations to be totally credible, and he determined that she has the following residual functional capacity: "the full range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c)." (Tr. at 14–16.)

According to the ALJ, Ms. Burgess is able to perform her past relevant work as a food service worker, she is an "individual of advanced age," and she has a "limited education," as those terms are defined by the regulations. (Tr. at 16.) He determined that "[t]ransferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled." (*Id.*) Even though Plaintiff can perform the full range of past relevant work, the ALJ used, in the alternative, Medical-Vocation Rule 203.11 as a guideline for finding that there are a significant number of other jobs in the national economy that she is also capable of performing. (Tr. at 17.) The ALJ found that based on Plaintiff's RFC for the full range of medium work, a finding of 'not disabled' is directed by Rule 203.11. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act,

from December 28, 2009, through the date of this decision." (*Id.*)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by

substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III.   Discussion

Ms. Burgess alleges that the ALJ's decision should be reversed and remanded for one reason. She believes that the ALJ's RFC finding was not based on substantial evidence. (Doc. 10 at 6.) Specifically, she takes issue with the record's lack of a Medical Source Opinion ("MSO") identifying her functional limitations. (*Id.*)

A claimant's RFC is the most a claimant can still do, despite his or her physical and mental limitations. 20 C.F.R. § 404.1545(a). An individual's RFC is an example of an issue that is administrative in nature, not a medical issue. Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *2 (S.S.A.). The Commissioner decides administrative issues and the Commissioner's regulations put the ultimate responsibility of determining RFC with the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 404.1546(c), 416.927(e)(2), 416.945(a)(3), 416.946(c); SSR 9605p, 1996 WL 374183 at *5.

According to Soc. Sec. Rul. 96-8p, "[t]he RFC assessment must always consider and address medical source opinions. If an RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184 (S.S.A.). However, the ALJ's decision must be based not only upon the medical evidence, but upon all the evidence in the record. *Id.* Importantly, while MSOs are to be weighed by the ALJ, an RFC finding will not be invalidated due to the absence or discrediting of an MSO. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Plaintiff contends that the ALJ improperly based his RFC finding on insufficient and conflicting opinions, and therefore should have acquired an MSO before making a decision. (Doc. 10 at 6.) Plaintiff concedes that there is no express requirement for an MSO or RFC assessment to be of record in order for the ALJ to make an RFC finding. (*Id.*) Plaintiff goes on to argue, however, that the ALJ is required to "review and accord weight to medical opinions" and an "MSO of some kind is crucial to the analysis of functioning based on the [Medically Determinable Impairments ("MDIs")] determined." (*Id.*)

However, Plaintiff's argument lacks merit because, although the ALJ's RFC determination is not based on an official MSO, the decision, when read as a whole,

reflects that the ALJ based his RFC determination on the minimal objective medical evidence in the record and on Plaintiff's own reports.

As noted by the ALJ, Dr. Tenchavez saw Plaintiff for a physical consultative examination in April 2010. (Tr. at 258–61.) Dr. Tenchavez's records show that Plaintiff complained of arthralgia, headaches, and shoulder and neck pains. (Tr. at 259.) Plaintiff's neuromuscular examination was entirely normal, with no sensory defects. (*Id.*) Dr. Tenchavez noted Plaintiff's ability to "heel, toe, and tandem walk and stoop and rise on the knees" as well as her ability to "make fists, oppose thumb and fingers, tie shoelaces, pick up small objects, button, hold a glass, and turn a doorknob." (Tr. at 261.) He also found that Plaintiff's musculoskeletal examination was also entirely normal, noting that there was "[n]o pain, restriction, or swelling . . . of the joints" and that "[a]ll ranges of motion were within normal limits." (*Id.*) The ALJ found that Dr. Tenchavez's diagnosis of osteoarthritis and tension headaches was based largely on Plaintiff's subjective reports, rather than the results of the examination. (Tr. at 15–16.)

Because the ALJ's RFC decision must be based not only upon the medical evidence, but also upon all evidence in the record, the ALJ also gave weight to Plaintiff's own testimony regarding her functional capacity. *See* 1996 WL 374184

(S.S.A.). Plaintiff testified she can stand for 5 to 10 minutes, walk for 10 minutes, and sit for 10 minutes and that her neck, back, and arm pain were all at a 7 on a 10-point pain scale. (Tr. at 47–48, 50–51.)

The ALJ, however, considered Plaintiff's medical record as a whole and determined that while her impairments could have led to the alleged symptoms, the "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible . . ." (Tr. at 15.) This finding is supported by the evidence. For example, in February 2010, Plaintiff presented to the emergency room complaining of right shoulder pain, but the X-rays were entirely normal. (Tr. at 233–39.) A few days later, Plaintiff again went to the emergency room complaining of shoulder pain and tingling, but again, the X-rays came back entirely normal. (Tr. at 240–51.)

Further, the ALJ considered Plaintiff's statements which seemed to contradict her own claims for disability. (Tr. at 16.) Although the ALJ cannot use daily activities alone to determine whether a claimant is disabled, the ALJ may consider a claimant's activities, to make a finding regarding credibility. 20 C.F.R. § 416.929(c)(3) ("Factors relevant to your symptoms, such as pain, which we will consider include: (I) Your daily activities . . .") Plaintiff described activities of her daily life that were

inconsistent with the limitations of a totally disabled individual. (*Id.*) These activities include the ability to prepare full home-cooked meals, do household cleaning and chores, and take care of weekly grocery shopping. (Tr. at 45–46, 177, 179–80.) Plaintiff admitted that the only reason she quit working is that she was fired for not getting along with her boss, and that if she had not been fired, she would still be working there. (Tr. at 41–42, 183.) Furthermore, Plaintiff admits to looking into other jobs, but that nobody was hiring. (Tr. at 46.) The ALJ found that "the evidence strongly suggests that the claimant has exaggerated [her] symptoms and limitations." (Tr. at 16.)

In sum, the medical records and Plaintiff's own testimony establish that Plaintiff suffers from osteoarthritis, which the ALJ accounted for in the RFC determination. Further, the records support that despite a diagnosis of osteoarthritis, Plaintiff is fully capable of performing the full range of medium work. Substantial evidence supports the ALJ's RFC finding in this case.

The Court also notes that Plaintiff makes several conclusory statements in her brief that could perhaps be construed as additional arguments in her favor. One of these is that the ALJ had a duty to further develop the record to identify the clinical findings and limitations associated with osteoarthritis which were not apparent from

the treating records.  As an initial matter, this brief statement is not enough to properly place this issue before this Court and should be deemed waived. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").  However, assuming, for the sake of argument, that Plaintiff had sufficiently raised the issue of the ALJ's alleged failure to develop the record, the argument lacks merit.

The ALJ has a duty to develop the facts fully and fairly and to probe conscientiously for all of the relevant information. *Ware v. Schwieker*, 651 F.2d 408, 414 (5th Cir. 1981).  However, in all social security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding her impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Doughty*, 245 F.3d. at 1278; 42 U.S.C. § 423(d)(5). Furthermore, social security regulations provide that "when the evidence [on record] . . . is *inadequate* for us to determine whether you are disabled, [the ALJ] will need additional information to reach a determination or a decision." 20 C.F.R. §§ 404.1512(e), 416.912(e) (emphasis added).  Therefore, where the ALJ's findings are supported by evidence sufficient for a decision, the ALJ is not obligated to seek

additional medical testimony.  *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).

Furthermore, Plaintiff must make a "clear showing of prejudice before it is found that the [plaintiff's] right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Graham v. Apfel*, 129 F.2d 1420, 1422 (11th Cir. 1997).  Thus, Plaintiff must show that the lack of a record created an evidentiary gap, resulting in unfairness or clear prejudice.  *See Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991) (finding that plaintiff was not prejudiced by a lack of representation because record did not contain any discernible evidentiary gaps).

Here, the record contained sufficient evidence for the ALJ to make an informed decision.  Importantly, and as noted above, a consultative examination was ordered in this case, and the opinion of the consultative examiner accounted for Plaintiff's osteoarthritis, albeit relying on Plaintiff's subjective reports.  The consultative examination, considered in tandem with Plaintiffs' own statements and the treatment notes which indicated normal findings, was enough evidence on record for the ALJ to make an informed decision without ordering any further medical opinions.  *Wilson*, 179 F.3d at 1278.  Finally, Plaintiff certainly makes no "clear showing of prejudice"

as is required when arguing that a record was inadequately developed. *Graham*, 129 F.2d at 1422.

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Burgess's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>4th</u> day of <u>December 2013</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256